```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                           14 CR 333 (JFC)

JUAN SANCHEZ,

               Defendant.

------------------------------x

                                       New York, N.Y.
                                       July 25, 2014
                                       11:40 a.m.


Before:

                    HON. JAMES C. FRANCIS,

                                       Magistrate Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SARAH LAI
DANIEL NOBLE
     Assistant United States Attorneys

CROTTY SALAND
     Attorneys for Defendant
PETER KATZ
```

1           THE DEPUTY CLERK:  U.S. v. Juan Sanchez.  Counsel,
2    please state your name for the record.
3           MS. LAI:  Good morning.  Sarah Lai and Dan Noble for
4    the government.
5           THE COURT:  Good morning.
6           MR. KATZ:  Good morning.  Peter Katz, the law firm of
7    Crotty Saland for Mr. Sanchez.
8           THE COURT:  Good morning.
9           Mr. Sanchez, I'm Judge Francis.  You're charged in an
10   information with violation of Title 18 of the United States
11   Code, Sections 1030(a)(2)(C) and 1030(c)(2)(A) which make it an
12   offense to participate in computer hacking.
13          You have the right to proceed before a district judge.
14   However, a magistrate judge may also take your plea provided
15   that you consent to that procedure.  And I have before me a
16   consent form.
17          Have you read and do you understand that form and did
18   you sign it?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  I'm going to ask you some questions in
21   connection with your plea.  Please raise your right hand.
22          (Defendant sworn)
23          THE COURT:  Please state your full name.
24          THE DEFENDANT:  My name is Juan Pablo Sanchez.
25          THE COURT:  What is your education?

1             THE DEFENDANT:  High school and seven years of
2     college.
3             THE COURT:  Are you now or have you recently been
4     under the care of a doctor or a psychiatrist for any reason?
5             THE DEFENDANT:  Yes, mental health treatment.
6             THE COURT:  Are you taking any medications?
7             THE DEFENDANT:  Yes.
8             THE COURT:  Do any of those medications affect your
9     ability to understand these proceedings in any way?
10            THE DEFENDANT:  No.
11            THE COURT:  Have you taken those medications today?
12            THE DEFENDANT:  Yes, last night.
13            THE COURT:  That's last time that you were scheduled
14    to take them?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Are you feeling all right today?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Have you ever been treated for alcoholism
19    or drug addiction?
20            THE DEFENDANT:  No.
21            THE COURT:  Have you received a copy of the
22    information, the document that charges you?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Have you read it and do you understand
25    what it says that you did?

E7P3SANP                          Plea

1              THE DEFENDANT:  Yes, sir.
2              THE COURT:  Do you need me to read it to you?
3              THE DEFENDANT:  No.
4              THE COURT:  Have you had time to talk to your attorney
5     about the charges and about how you wish to plead?
6              THE DEFENDANT:  Yes, sir.
7              THE COURT:  Are you satisfied with your attorney?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Are you ready to plead at this time?
10             THE DEFENDANT:  Yes.
11             THE COURT:  What is your plea to Count One of the
12    information?
13             THE DEFENDANT:  Guilty.
14             THE COURT:  I need to determine whether your plea of
15    guilty is voluntary and whether you fully understand the
16    charges against you and the possible consequences of your plea,
17    so I'm going to ask you some additional questions.
18             I remind you that the charge against you is computer
19    hacking.  And the law provides as a penalty a term of
20    imprisonment of up to one year, a term of supervised release of
21    up to one year, a maximum fine which is the greatest of
22    $100,000 or twice any gain derived from the offense or twice
23    any loss to persons other than yourself as a result of the
24    offense, and a mandatory $25 special assessment.
25             Do you understand those penalties?

E7P3SANP                        Plea

1              THE DEFENDANT:  Yes.
2              THE COURT:  Do you understand that as part of any
3    sentence you would be required to make restitution to any
4    victims of the crime?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you understand that if you are
7    sentenced to prison and released on supervised release, and you
8    violate the terms of supervised release, you would be returned
9    to prison without credit for the time spent on supervised
10   release?  Do you understand that?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  Do you understand that you have the right
13   to plead not guilty and the right to a jury trial on these
14   charges?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Do you understand that if you plead not
17   guilty and go to trial, the burden would be on the government
18   to prove your guilt beyond a reasonable doubt?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Do you understand that at a trial you
21   would be presumed innocent until the government proves your
22   guilt?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Do you understand that you have the right
25   to be represented by an attorney at trial and in all other

1    stages of the proceedings, and if necessary, an attorney would
2    be appointed for you?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Do you understand that at a trial you
5    would have the right to confront and question any witnesses who
6    testify against you, and the right not to be forced to testify
7    against yourself?
8             THE DEFENDANT:  Yes.
9             THE COURT:  Do you understand that at a trial you
10   would be entitled to testify in your own behalf, to present
11   evidence, to call witnesses to testify, and to subpoena those
12   witnesses if necessary?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Do you understand that if you plead guilty
15   there will be no trial any of kind, and the trial-related
16   rights that I've just described would no longer apply, and the
17   only remaining step would be for the Court to sentence you?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Do you understand the nature of the charge
20   to which you are pleading?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Do you understand the range of penalties,
23   include the maximum sentence that you could receive on the
24   basis of your plea?
25            THE DEFENDANT:  Yes.

1            THE COURT:  Have you and your attorney talked about
2    how the sentencing commission guidelines might apply to your
3    case?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Do you understand that the Court will not
6    be able to determine the guidelines for your case until a
7    presentence report has been prepared, and you and the
8    government have had the opportunity to challenge any facts
9    reported there?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Do you understand that after it's been
12    determined what guidelines apply to a case, the Court has the
13    authority in some circumstances to impose a sentence that is
14    either more severe or less severe than that called for by the
15    guidelines?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Do you understand that in determining the
18    sentence, the Court will consider, in addition to the
19    guidelines and possible departures from those guidelines, all
20    of the factors set forth in the statute, that is 18, United
21    States Code, Section 3553(a)?
22            THE DEFENDANT:  Yes.
23            THE COURT:  Do you understand that under some
24    circumstances, you or the government may have the right to
25    appeal the sentence?

1             THE DEFENDANT:  Yes.
2             THE COURT:  Do you understand that there is no parole,
3    and if you are sentenced to prison you will not be released on
4    parole.
5             THE DEFENDANT:  Yes.
6             THE COURT:  Do you understand that the answers you
7    give to me today under oath may in the future be used against
8    you in a prosecution for perjury or false statement if you do
9    not tell the truth?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Do you still wish to plead guilty?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Have any threats been made to you by
14   anyone to influence you to plead guilty?
15            THE DEFENDANT:  No.
16            THE COURT:  Have any promises been made concerning the
17   sentence you would receive?
18            THE DEFENDANT:  No.
19            THE COURT:  I have before me a plea agreement dated
20   July 15, 2014.  Have you read and do you understand that plea
21   agreement and did you sign it?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  That plea agreement contains a sentencing
24   guideline calculation.  You understand if you are sentenced
25   within or below the guideline range indicated, that you are

1   agreeing not to appeal or otherwise challenge your sentence?
2           THE DEFENDANT:  Yes.
3           THE COURT:  Do you also understand that you are
4   agreeing not to appeal or challenge your conviction on the
5   grounds that the government has failed to produce discovery
6   material, or information that might tend to prove your
7   innocence?
8           THE DEFENDANT:  Yes.
9           THE COURT:  Do you understand that if your plea is
10  vacated for any reason, you are agreeing not to challenge any
11  future prosecution on the grounds that it is time barred?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Apart from what is contained in this plea
14  agreement, has anyone promised you anything whatsoever in
15  connection with your plea?
16          THE DEFENDANT:  No.
17          THE COURT:  Does the government wish to set forth on
18  the record the elements it would prove at trial.
19          MS. LAI:  Yes, your Honor.  If the case were to
20  proceed to trial the government, would have to prove the
21  following elements beyond a reasonable doubt:  That during the
22  period charged in the indictment, which is February 2012
23  through approximately May 2014, first the defendant
24  intentionally accessed a computer; second, that the access was
25  done without or in excess of authorization; third, the access

1  to the computer was done in order to obtain information from
2  the computer; and four, the computer was a protected computer
3  which by statute means it is a computer that is used in or
4  affecting interstate commerce.  Which is basically any computer
5  connected to the Internet.
6            Should I lay forth the evidence the government would
7  offer at trial?
8            THE COURT:  It's probably not necessary.
9            MS. LAI:  Thank you.
10           THE COURT:  Mr. Sanchez, do you understand if you were
11 to go to trial, the government would have to prove those
12 elements beyond a reasonable doubt?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  Is your plea voluntary and made of your
15 own free will?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Did you commit the offense charged?
18           THE DEFENDANT:  Yes, I did.
19           THE COURT:  Tell me what you did.
20           THE DEFENDANT:  I, without authorization, accessed
21 individuals' computer file systems through the Internet.
22           THE COURT:  Tell me whose files you accessed.
23           THE DEFENDANT:  I used the malicious software
24 Blackshades to access those file systems.
25           THE COURT:  Those were files that you did not have the

1    authority to access, is that correct?
2             THE DEFENDANT:  Yes, sir.
3             THE COURT:  Did this take place between February 2012
4    and May 2014?
5             THE DEFENDANT:  Yes, sir.
6             THE COURT:  At the time you did that, you knew what
7    you were doing was illegal?
8             THE DEFENDANT:  Yes.
9             THE COURT:  Where were you located when you did that?
10            THE DEFENDANT:  My residence.
11            THE COURT:  Which is where?
12            THE DEFENDANT:  In Mahopac Falls.
13            THE COURT:  Does the government have any other
14   questions it wish be asked?
15            MS. LAI:  No, thank you.
16            THE COURT:  Do you know of any reason why the
17   defendant should not plead guilty?
18            MS. LAI:  No.
19            THE COURT:  Mr. Katz, do you know of any such reason?
20            MR. KATZ:  I do not.
21            THE COURT:  I'm satisfied that the defendant
22   understands the nature of the charge against him and the
23   consequences of a plea of guilty.  I'm also satisfied that the
24   plea is voluntary and knowing and there is a factual basis for
25   it.  I'll therefore accept the defendant's plea of guilty to

1    Count One of the information.
2             Sentencing will take place before me on December 23,
3    at 10 a.m. in this courtroom, and a presentence report will be
4    prepared.  Can the government provide the case statement to
5    probation within the next two weeks?
6             MS. LAI:  Yes, your Honor.
7             THE COURT:  Mr. Katz, would you be available for your
8    client's interview within that period?
9             MR. KATZ:  I will, your Honor.  Yes.
10            THE COURT:  Very well.  Any requests with respect to
11   bail?
12            MS. LAI:  No, your Honor.  We consent to his
13   continuance.
14            THE COURT:  Bail be will be continued.
15            MR. KATZ:  If I could just have one second.
16            THE COURT:  Yes.
17            MR. KATZ:  Judge, there is one matter with regard to
18   bail.  I briefly mentioned to Ms. Lai, although we didn't have
19   a chance to discuss it thoroughly.  One of Mr. Sanchez's
20   conditions of release is no computer use whatsoever.  He's been
21   abiding by that, obviously.
22            He's informed me he now has an opportunity for a new
23   job.  He's a computer games designer.  Graphic designer.  And
24   has an opportunity to work, which obviously would entail using
25   computers for that work.  And we would like to make the

1  application that his release conditions be modified so he could
2  seek that employment with the obvious limitation and
3  supervision by pretrial, as it's been going on so far.
4  Mr. Sanchez mentioned this to his pretrial services officer who
5  indicated they didn't have any problem with it.  But wanted
6  your Honor to approve that type of change.
7           THE COURT:  Ms. Lai, does the government have a
8  position?
9           MS. LAI:  Your Honor, I'd rather have the chance to
10 discuss briefly with pretrial.  I don't anticipate that would
11 be a problem, but I would like to learn more about this
12 opportunity and we can submit a letter to the Court by early
13 next week to let the Court know the government's position.
14          THE COURT:  Very well.  Let's do it that way.
15          MR. KATZ:  That's fine.
16          THE COURT:  Thank you.
17                                o0o